PRITCHETT *v.* ROAD IMPROVEMENT DISTRICT No. 2, STONE COUNTY.

Opinion delivered November 13, 1922.

1.  SUNDAY—EMPLOYEE'S COMPENSATION.—Where a contract between a road improvement district and an engineer provides for a *per diem* for each day after the expiration of the time fixed for the completion of the contract, in addition to other compensation, Sundays are properly excluded from the estimate of such overtime.

2.  MASTER AND SERVANT—OVERTIME ALLOWANCE OF ENGINEER OF ROAD DISTRICT.—Where a contract between a road improvement

district and a supervising engineer provided for a *per diem* to the engineer for each day after the expiration of the time in which the contract is to be fulfilled by the contractor, no allowance for overtime should be made where the delay was occasioned by the engineer's fault in underestimating the cost of the work, thereby causing the commissioners to borrow an insufficient amount of money to complete the work.

3. MASTER AND SERVANT—RIGHT OF ENGINEER TO PERCENTAGE.— Where a contract between a road improvement district and an engineer provided for a commission to the engineer of 5 per cent. on the cost of construction, and it appeared that the cost greatly exceeded the engineer's estimate, the engineer was nevertheless entitled to such commission on the cost of construction; the district having suffered no injury by reason of the underestimate.

Appeal from Stone Chancery Court; *Lyman F. Reeder,* Chancellor; reversed.

*Coleman, Robinson & House,* for appellant.

*Williamson & Williamson,* for appellee.

McCULLOCH, C. J. Appellee was organized as a road improvement district in Stone County under general statutes authorizing the creation of such districts by order of the county court, and appellant was employed as engineer to form plans and supervise the work of construction, and his compensation was fixed in the contract at five per centum of the cost of constructing the improvement. The contract contained also the following clause with respect to additional compensation for overtime caused by delay:

"The party of the first part agrees that, in the event the work herein contemplated is not completed within the time limit as prescribed by the contract to be entered into between the board of commissioners and the contractor or contractors, whether the delay is caused by the commissioners or by the contractor, the party of the first part will pay to the party of the second part the sum of $12.50 per day for each day after the expiration of the time in which the contract is to be fulfilled by the contractor. The said sum shall be in addition to the amounts prescribed in the previous section of this contract."

The cost of construction under appellant's supervision amounted to the sum of $93,097.15, and the commission under the terms of the contract was $4,654.86. There was a delay of 324 days in the completion of the work of construction as fixed in the contract between the district and the contractors, and appellant has been paid by the district said commission of $4,654.86, and also has been paid the further sum of $2,790.60 as additional compensation during the delay.

Appellant instituted the present action against the district in the chancery court of Stone County to recover the additional sum of $1,259.40, alleged to be due him for *per diem* during the delay in completion of the contract.

Appellee filed a cross-complaint, alleging that the delay was caused by the fault of appellant in rendering incorrect estimates of the cost of the improvement, and that he was not entitled to recover anything for *per diem* during such delay. It is alleged that appellant was indebted to the district in the sum of $5,070.82 for the amount overpaid him, and there is a prayer for recovery of that amount.

The case was tried before the chancellor, there being no question raised as to that court being the proper forum for determining the issues, and there was a decree in favor of appellee for the recovery against appellant of the sum of $215.60. It is conceded that the court, in reaching this result, allowed appellant's claim for $12.50 per day during the additional period of delay, excluding Sundays, amounting to $684.40, but charged appellant with the sum of $900, which the court found that appellant was not entitled to by reason of the fact that he had incorrectly estimated the cost of construction $18,000 less than the actual cost.

We have reached the conclusion that the court was not correct, either in allowing appellant to recover the overtime charged or in charging him back with the $900 for alleged mistake in estimate. The court was correct in excluding Sundays from the estimate of overtime to

be allowed, but we think that, under the facts of the case, appellant was not entitled to recover anything on this feature of the contract.

A fair and reasonable interpretation of the contract is-that appellant was to be allowed pay only during delay caused by the commissioners or by the contractor. The proof shows that the real cause of the delay for which appellant makes the present overtime charge was brought about by reason of the fact that the district was without funds, and that the construction work had to stop on that account. This was due to the incorrectness of appellant's preliminary estimates, and it was therefore not a delay caused by the commissioners or the contractor. The inaccuracy of the estimates may have resulted without fault or carelessness on the part of appellant, but the delay resulted, nevertheless, not from any fault of the commissioners, but from this inaccuracy in the estimates which caused them to borrow a smaller sum of money than they subsequently found to be necessary in completing the improvement. This was one of the contingencies which the contract for overtime payment during the period of delay did not cover, for, as we have already said, the contract, when fairly interpreted, means that appellant was to be paid for overtime in case of delay caused by the commissioners or by the contractor. He took his chances on incidental delays caused otherwise than by the fault of the commissioners or the contractor. For this reason we are, as before stated, of the opinion that appellant is not entitled to recover the sum he now claims for the additional overtime.

There was a settlement made between the parties as to part of the overtime charge, and no sufficient ground is shown for disregarding the settlement and allowing the recovery of this amount thus voluntarily paid.

The court found that the cost of construction was $18,000 in excess of appellant's final estimate of the cost, and for this reason appellant was not entitled to the com-

mission on that additional cost, and that he should be required to pay it back. The evidence establishes that this much of the increased cost of the improvement resulted from the difference in the estimate on the classification of material removed in constructing the road—the difference between the removal of earth and rock. The evidence shows also that this was such an inaccuracy as did not result from fault or carelessness, being a matter about which there could be no exact estimate on account of the surface indications.

Be this as it may, the inaccuracy did not result in injury to the district, for if the mistake had not been made it would not have lessened the cost of the work to the district. It is true that there was a delay in the work on account of this additional cost, running in excess of the limits fixed by the general statutes, but this defect was subsequently cured by a special act of the Legislature, and the work proceeded with the limitation removed.

But, after all, there was no injury to the district by reason of the mistake in the estimate, and the occurrence of such a mistake was not sufficient to deny appellant's right to recover the amount of compensation stipulated in the contract, viz: five per centum of the actual cost of construction.

Our conclusion therefore is that the chancellor was incorrect in making both allowances, the one to appellant for overtime, and the other to appellee for recovery of the five per centum commission on the $18,000 increase in the cost of construction. The decree is therefore reversed, and judgment will be entered here dismissing both the complaint and cross-complaint. It is so ordered.